UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DENICOLA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 19-cv-11391-ADB |
| | * | |
| CHERYL P. POTTER, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the plaintiff's motion to amend [ECF #12]. The Court also orders that a summons issue for Arthur Tobin and that Paul Keenan be dismissed as a defendant.

**I.   BACKGROUND**

On June 24, 2019, *pro se* litigant John DeNicola filed a complaint [ECF #1] against Quincy Police Officer Cheryl P. Potter ("Potter") and Quincy District Court Assistance Clerk Magistrate James Comerford ("Comerford"). Invoking the Court's federal question jurisdiction, DeNicola represents that his rights under the First, Fourth, and Fourteenth amendments were violated. DeNicola does not specify whether he is suing these two individuals in their official or individual capacities.

In an order dated July 19, 2019 [ECF #5], the Court granted the plaintiff's *in forma pauperis* motion and ordered that summonses issue as to Potter and Comerford. On July 26, 2019, the United States Marshals Service ("USMS") received from DeNicola the summonses, copies of the complaint, and forms for service. The USMS completed service on Potter and Comerford on July 30, 2019 and August 7, 2019, respectively [ECF ## 9, 11].

On July 29, 2019, DeNicola filed an amended complaint [ECF #7], as was his right under Rule 15(a)(1) of the Federal Rules of Civil Procedure. Referring to the First, Fourth, and Fourteenth amendments, the amended complaint asserts claims against Potter, Comerford, Quincy District Court Clerk Magistrate Arthur Tobin ("Tobin") and Quincy Police Chief Paul Keenan ("Keenan"). Summonses have not issued for Tobin and Keenan. The amended complaint does not indicate whether the claims are brought against the defendants in their official or individual capacities.

On August 5, 2019, Potter, through counsel, filed an answer [ECF # 10] to the original complaint. One of Potter's affirmative defenses is that "[t]he complaint asserts claims against Officer Potter in her official capacity only. Therefore, the proper party defendant is the City of Quincy and Officer Potter should be dismissed as a defendant." Potter Answer. at 2. Presumably in response this affirmative defense, DeNicola filed a motion [ECF #12] to further amend his complaint "to include official and individual capacity" claims. Mot. at 1. DeNicola also notes that the form he used to draft his complaint does not contain a field to indicate whether a defendant is being sued in an official or individual capacity. DeNicola does not identify any other change he wishes to make to his pleading, and his proposed amended complaint [ECF #13] consists of his first amended complaint [ECF #7] and the one-page motion to amend.

## II.     DISCUSSION

### A.     Motion to Amend

Although the Court should "freely give leave" to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), it has discretion to deny such a request if the proposed amendment would be futile, *see In re Montreal, Me. & Atlantic Ry., Ltd.*, 888 F.3d 1, 12 (1st Cir. 2018).

The Court allows DeNicola's motion to amend to specify that he is asserting his claims against the defendants in their individual capacities, but the Court denies as futile the motion to amend the complaint to bring claims against the defendants in their official capacities.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In contrast, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* (quoting *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690, n.55 (1978)).[1] Thus, official capacity claims against Comerford and Tobin would be the equivalent of claims against the Commonwealth of Massachusetts, and official capacity claims against Potter and Keenan would be the equivalent of claims against the City of Quincy.

The Court construes DeNicola's amended complaint as asserting claims under 42 U.S.C. § 1983 for violations of his constitutional rights.[2] This statute provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. The Supreme Court has ruled that neither a state nor state officials acting in their

---

[1] That DeNicola did not indicate in earlier pleadings whether he is bringing official or individual capacity claims is not fatal to his case. *See Powell v. Alexander*, 391 F.3d 1, 22 (1st Cir. 2004) ("[C]ourts are not limited by the presence or absence of language identifying capacity to suit on the face of the complaint alone. Rather, courts may examine 'the substance of the pleadings and the course of proceedings in order to determine whether the suit is for individual or official liability.'" (quoting *Pride v. Does*, 997 F.2d 712, 715 (10th Cir.1993))). Nevertheless, the motion to amend prompts clarification of the issue.

[2] Claims for violations of federal constitutional rights by state or municipal officials generally must be brought under 42 U.S.C. § 1983. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.")

official capacities are "persons" within the meaning of § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), thus precluding DeNicola from asserting official capacity claims against Comerford and Tobin, *see Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action.").

A municipality or other local government unit is a "person" within the meaning of § 1983. *See Monell*, 436 U.S. 690-91. However, only parties who have directly participated or are otherwise directly involved in the conduct that deprived the plaintiff of his federal constitutional rights can be held liable under § 1983. *See Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). In the context of a § 1983 claim against a municipality, this means that the plaintiff must allege facts from which a court can reasonably infer that "the municipality itself cause[d] the constitutional violation at issue." *Canton v. Harris*, 489 U.S. 378, 385 (1989). "It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." *Id.* (alteration in original) (internal quotation marks omitted). Because DeNicola has not alleged any facts suggesting that a policy or custom of the City of Quincy caused the alleged constitutional violations, any official capacity claims against Comerford and Tobin fail.

### B.    Defendant Keenan

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has conducted a preliminary review of the amended complaint and has concluded that DeNicola has failed to state a claim against Keenan. As noted above, a party can only be liable under § 1983 if he is personally involved in the alleged constitutional violation. While DeNicola identifies Keenan as a defendant, he does not identify any conduct by this defendant. Consequently, there are no facts from which the Court

may reasonably infer that Keenan violated DeNicola's rights.  The Court will not allow a summons to issue for Keenan, and he will be dismissed from this action.

**III.    Conclusion**

Accordingly, for the aforesaid reasons:

1. The motion to amend [ECF #12] is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED insofar as DeNicola seeks to amend the complaint to indicate that he is bringing claims against the defendants in their individual capacities.  The motion is DENIED insofar as DeNicola seeks to amend the complaint to bring claims against the defendants in their official capacities.

2. For purposes of clarity, the amended complaint filed on July 29, 2019 [ECF #7] shall remain the operative complaint, but the claims within shall be construed as setting forth claims against the defendants only in their individual capacities.

3. The Clerk shall issue a summons for Tobin.  The plaintiff is responsible for serving the summons, amended complaint [ECF #7], and this order on Tobin in compliance with Rule 4 of the Federal Rules of Civil Procedure and within 90 days of the date of this order.  Because DeNicola is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service with all costs of service to be advanced by the United States.  The Clerk shall provide the plaintiff with forms and instructions for service.

4. DeNicola shall ensure that defendant Comerford receives a copy of this order and the amended complaint [ECF #7].  Service must be made in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure.

5. Because the allegations in the amended complaint concerning Potter are identical to those in the original complaint, Potter may, but is not required, file an answer or other responsive pleading to the amended complaint.  If Potter does not respond separately to the

amended complaint [ECF #7] within twenty-one days of the date of this order, the Court will deem her answer [ECF #10] to the original complaint also to be her answer to the amended complaint.

6. Keenan shall be terminated as a party to this action.  This termination is without prejudice to DeNicola moving to further amend the complaint to include specific allegations of misconduct by Keenan.

**IT IS SO ORDERED.**

Dated: August 15, 2019

                                                    /s/ Allison D. Burroughs  
                                                    ALLISON D. BURROUGHS  
                                                    DISTRICT JUDGE