UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DENICOLA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 19-cv-11391-ADB |
| CHERYL P. POTTER, et al., | * |
| | * |
| Defendants. | * |
| | * |
| | * |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS
AND MOTION FOR JUDGMENT ON THE PLEADINGS**

BURROUGHS, D.J.

    John DeNicola ("Plaintiff"), appearing *pro se*, brings this action against Quincy Police Officer Cheryl P. Potter ("Potter"), Quincy District Court Assistant Clerk Magistrate James Comerford ("Comerford"), and Quincy District Court Clerk Magistrate Arthur Tobin ("Tobin" and, collectively, "Defendants"), alleging violations of his First, Fourth, and Fourteenth Amendment rights in connection with charges brought against him under the Massachusetts wiretap statute. [ECF No. 7 ("Am. Compl.")]; Mass. Gen. Laws. ch. 272, § 99. Currently before the Court is Comerford and Tobin's motion to dismiss, [ECF No. 26], and Potter's motion for judgment on the pleadings, [ECF No. 30]. For the reasons set forth below, Comerford and Tobin's motion, [ECF No. 26], and Potter's motion, [ECF No. 30], are all <u>GRANTED</u>.[1]

---

[1] As discussed in Section II, <u>infra</u>, the Court construes Potter's Rule 12(c) motion for judgment on the pleadings as a motion to dismiss under Rule 12(b)(6).

## I. BACKGROUND

### A. Factual Background

For purposes of this Order, the relevant facts are drawn from Plaintiff's amended complaint, [Am. Compl.], and documents referred to in the complaint, and viewed in the light most favorable to Plaintiff. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014) (citations omitted).[2]

Plaintiff's amended complaint sets forth limited factual allegations:

> On 12/31/18 Officer Potter and James Comerford filed [a] felony wiretapping complaint . . . against plaintiff at 2:22 pm for trying to file a complaint against a court employee of Quincy District Court. . . . On 01/03/19 Clerk Magistrate Tobin issued the charges at 12:12:54 pm against plaintiff.

[Am. Compl. at 4, 6, 8].[3]

A police report written by Potter indicates that Plaintiff called the Quincy District Courthouse on December 31, 2018 and spoke with three different employees, including

---

[2] "In reviewing a motion under Rule 12(c), as in reviewing a Rule 12(b)(6) motion," the Court "may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). "This is true even when the documents are incorporated into the movant's pleadings." Id. (citing Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)). Plaintiff attached a copy of the police report and related documents to his opposition to the motion for judgment on the pleadings, [ECF No. 32-1], and Defendants attached copies of the police report to their memoranda in support of their motions, [ECF Nos. 27-1, 31-1]. A court "will only take into consideration the existence and contents" of such documents, however, and "will not assume the truth of the findings asserted therein . . . ." Barnstable Cty. v. 3M Co., No. 17-cv-40002, 2017 WL 6452245, at *5 (D. Mass. Dec. 18, 2017).

[3] In his request for relief, Plaintiff alleges that he "was restricted from entering Quincy Police Department and Quincy District Court so he couldn't file complaints against said defendants and the original court employee." [Am. Compl. at 4, 6, 8]. As Plaintiff does not identify who restricted him from entering the courthouse (whether Defendants or unidentified individuals), the Court will not review this allegation.

2

Comerford. [ECF No. 32-1 at 1–2].[4]  According to Potter's report, Plaintiff told the first employee he spoke with that he was recording the call. [Id. at 2]. Comerford, the third individual with whom Plaintiff spoke during that same call, told Potter that Plaintiff did not inform Comerford that he was recording the call until after they had spoken for a period of time. [Id. at 1].[5]  Once Plaintiff told Comerford that he had been recording the call, the report states that Comerford informed Plaintiff "that he did not have [Comerford's] permission to record [the call] and that he would be contacting the Quincy Police Department." [Id. at 1–2].

In her report, Potter recommended follow up from the "BCI," Quincy Police Department's Bureau of Criminal Investigations. [ECF No. 32-1 at 2; ECF No. 31 at 5]. On January 3, 2019, Tobin "approved" the report, [ECF No. 32-1 at 3], and on January 16, 2019, Plaintiff was issued a notice of an application for a criminal complaint for violation of Massachusetts General Laws ch. 272, § 99, [id. at 4]. On June 12, 2019, the criminal complaint was dismissed at the request of the Quincy Police Department. [Id. at 5].

B. **Procedural Background**

Plaintiff filed his original complaint on June 24, 2019. [ECF No. 1]. On July 29, 2019, Plaintiff filed an amended complaint. [Am. Compl.]. Plaintiff subsequently moved to amend his complaint again, [ECF No. 12], which the Court denied, [ECF No. 14]. In its Order denying the motion to amend, the Court construed Plaintiff's amended complaint, which alleges violations of Plaintiff's First, Fourth, and Fourteenth Amendment rights, as asserting claims under 42 U.S.C.

---

[4] Potter's report indicates that she spoke with all three employees after the incident, but that she was unable to contact Plaintiff. [ECF No. 32-1 at 1–2].

[5] In his opposition, Plaintiff argues that Comerford's assertion that Plaintiff did not tell him that he was recording the call conflicted with the police report which states that Plaintiff told one employee that he was recording the call. [ECF No. 32 at 1].

3

§ 1983. [Id. at 3 n.2 ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983." (quoting Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001))]. The Court allowed Plaintiff to proceed with his claims against Defendants in their individual capacities only, finding that allowing an amendment to add official capacity claims would be futile. [Id. at 3].

On September 20, 2019, Comerford and Tobin filed a motion to dismiss the amended complaint under Rule 12(b)(6), [ECF No. 26], and on October 3, 2019, Potter filed a motion for judgment on the pleadings under Rule 12(c), [ECF No. 30]. Plaintiff filed his opposition to each. [ECF Nos. 28, 29, 32, 33].[6]

---

[6] In his oppositions to both motions, Plaintiff states that he is bringing claims under 42 U.S.C. §§ 1983 and 1985. [ECF No. 28 at 1; ECF No. 32 at 2]. Even if the Court were to now construe the amended complaint to also raise a claim under § 1985, that claim would fail. A claim under § 1985 alleges a conspiracy to interfere with an individual's civil rights. 42 U.S.C. § 1985. A § 1985 claim must contain the following four elements:

> First, the plaintiff must allege a conspiracy; second, he must allege a conspiratorial purpose to deprive the plaintiff of the equal protection of the laws; third, he must identify an overt act in furtherance of the conspiracy; and finally, he must show either injury to person or property, or a deprivation of a constitutionally protected right.

Parker v. Landry, 935 F.3d 9, 17–18 (1st Cir. 2019) (alterations omitted) (quoting Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008)). "[T]he agreement must involve 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Id. at 18 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). As discussed infra in Section III.C, Plaintiff fails to allege an Equal Protection violation. In addition, Plaintiff's amended complaint does not allege facts supporting a conspiracy. See [Am. Compl.]; see also Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980) (internal citations omitted) ("Though we are mindful that pro se complaints are to be read generously, allegations of conspiracy [under § 1985] must nevertheless be supported by material facts, not merely conclusory statements."); Hayward v. Massachusetts, No. 16-cv-30046, 2016 U.S. Dist. LEXIS 184566, at *34–35 (D. Mass. Nov. 14, 2016) ("Even construing the facts set forth in the pro se complaint liberally and under the favorable motion to dismiss standard, the complaint falls short of alleging sufficient facts to establish a conspiracy."). The Court will therefore limit its analysis to the § 1983 claims.

4

## II.     LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019) (citations omitted). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible . . . ." Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011)). "The plausibility standard invites a two-step pavane." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (citing Grajales, 682 F.3d at 45). First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir.

2012)).  Secondly, the Court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Morales-Cruz, 676 F.3d at 224).

"A Rule 12(c) motion for judgment on the pleadings 'is treated much like a Rule 12(b)(6) motion to dismiss.'"  Santiago v. Bloise, 741 F. Supp. 2d 357, 360 (D. Mass. 2010) (quoting Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008)).  "[T]o survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . .'"  Perez-Acevedo, 520 F.3d at 29 (quoting Twombly, 550 U.S. at 555).  "Because a Rule 12(c) 'motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom' in the nonmovant's favor."  Santiago, 741 F. Supp. 2d at 360 (quoting R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006)).

"Like Rule 12(b)(6), Rule 12(c) does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment."  Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006) (quoting Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988)).  "[T]he court may not grant a defendant's Rule 12(c) motion 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Rivera-Gomez, 843 F.2d at 635 (quoting George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977)).

Although a defendant may have "moved for judgment on the pleadings pursuant to Rule 12(c) . . . , it is well established that the Court may apply to said rule the applicable standard of review of a Rule 12(b)(6) motion to dismiss." Ramirez-Averasturi v. Rivera Gonzalez, No. 03-cv-02360, 2005 U.S. Dist. LEXIS 33001, at *6–7 (D.P.R. Sep. 8, 2005); see Oses v. Vose, No. 90-cv-11642, 1994 U.S. Dist. LEXIS 13039, at *5 (D. Mass. Aug. 9, 1994) ("Although defendant's motion is couched as a motion for judgment on the pleadings under Fed. Rule Civ. P. 12(c), in essence the [m]otion challenges the legal foundation for the complaint. The motion is therefore subject to the same standard of review as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Here, the Court will construe Potter's Rule 12(c) motion, which adopts the majority of the arguments made in Comerford and Tobin's Rule 12(b)(6) motion, [ECF No. 31 at 2–3], as a Rule 12(b)(6) motion to dismiss. See Whiting v. Maiolini, 921 F.2d 5, 6 (1st Cir. 1990) ("The district court was acting within its discretion in converting [defendants'] Rule 12(c) motion for judgment on the pleadings to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").

## III.   DISCUSSION

Plaintiff alleges that Defendants violated his First, Fourth, and Fourteenth Amendment rights when they filed and approved a complaint against Plaintiff in retaliation "for trying to file a complaint against a court employee of Quincy District Court." [Am. Compl. at 4, 6, 8]. Defendants argue that Plaintiff has failed to state a claim for relief. [ECF No. 27 at 3; ECF No. 31 at 2–3 (adopting Comerford and Tobin's arguments)].

As stated earlier, the Court construes the amended complaint as bringing a claim under 42 U.S.C. § 1983.[7]  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted).  The statute "supplies a private right of action against a person who, under color of state law, deprives another of 'any rights, privileges, or immunities secured by the Constitution and [federal] laws.'" Gray v. Cummings, 917 F.3d 1, 7 (1st Cir. 2019) (quoting 42 U.S.C. § 1983).  To maintain a cause of action under § 1983, a plaintiff must show that "the challenged conduct [is] attributable to a person acting under color of state law" and that "the conduct . . . worked a denial of rights secured by the Constitution or by federal law." Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997).  For purposes of the Defendants' motions, the Court will assume that Defendants (all municipal or state employees) were acting under color of state law.  See O'Connell v. Gross, No. 19-cv-11654, 2020 U.S. Dist. LEXIS 62925, at *11 (D. Mass. Apr. 10, 2020) (assuming for purposes of motions to dismiss that defendants were acting under color of state law).

### A.     First Amendment Claim

Plaintiff claims that Defendants retaliated against him after he tried to file a complaint against an employee at the Quincy District Court. [Am. Compl. at 4, 6, 8].  Defendants argue that Plaintiff has failed to allege that they were aware of Plaintiff's attempts to file a complaint against an employee at the court, and that the criminal complaint against Plaintiff stemmed only from him recording the December 31, 2018 call. [ECF No. 27 at 5–6; ECF No. 31 at 2–3 (adopting Comerford and Tobin's arguments)].

---

[7] "[T]he fact that the plaintiff filed the complaint pro se militates in favor of a liberal reading." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. "This right to petition extends to all departments of the government, and the right of access to the courts is most certainly protected by the First Amendment." Hootstein v. Collins, 679 F. Supp. 2d 169, 187 (D. Mass. 2010) (citing Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972)).

"Claims of retaliation for the exercise of First Amendment rights are cognizable under § 1983." Powell v. Alexander, 391 F.3d 1, 16 (1st Cir. 2004). To succeed on a retaliation claim under the First Amendment, "a plaintiff must first prove that (1) he or she engaged in constitutionally protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) the protected conduct was a substantial or motivating factor in the adverse action." D.B. v. Esposito, 675 F.3d 26, 43 (1st Cir. 2012). "The defendant may then avoid a finding of liability by showing that '[he or she] would have reached the same decision . . . even in the absence of the protected conduct.'" Id. (quoting Powell, 391 F.3d at 17). In the case of a retaliatory prosecution claim, a plaintiff must "show more than the subjective animus of an officer and a subsequent injury; plaintiffs must also prove as a threshold matter that the decision to press charges was objectively unreasonable because it was not supported by probable cause." Nieves v. Bartlett, 139 S. Ct. 1715, 1723 (2019).

Plaintiff has failed to allege sufficient facts to support a claim that he was subjected to an adverse action—the wiretap charge—in retaliation for his attempts to file a complaint. First, Plaintiff has not alleged that any of the Defendants were aware that he planned to file a complaint against an employee at the Quincy District Court. See [Am. Compl.]. Even assuming Plaintiff had alleged this, however, Defendants have demonstrated that Plaintiff's recording of

9

the December 31, 2018 call established probable cause for the wiretap charge brought against him. [ECF No. 27 at 5–7].

The Massachusetts wiretap statute "makes it a crime to 'willfully commit[] an interception . . . of any wire or oral communication.'" Glik v. Cunniffe, 655 F.3d 78, 86 (1st Cir. 2011) (quoting Mass. Gen. Laws ch. 272, § 99(C)(1)).

> The critical limiting term in the statute is "interception," defined to mean "to secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device by any person other than a person given prior authority by all parties to such communication."

Id. (quoting Commonwealth v. Hyde, 750 N.E.2d 963, 967–68 & n.5 (Mass. 2001)). "The Supreme Judicial Court has held that a recording is 'secret' unless the subject has 'actual knowledge' of the fact of recording." Id. (quoting Commonwealth v. Jackson, 349 N.E.2d 337, 340 (Mass. 1976)). Although the First Circuit has found the statute to be unconstitutional insofar as it prevents individuals from recording public actions of government officials (in Glik v. Cunniffe, the plaintiff recorded officials' actions on Boston Common), the statute has not been challenged in the context of less public actions, such as telephone calls conducted within an office environment. See id.[8]

---

[8] In his opposition to the motion to dismiss, Plaintiff cites two cases for the proposition that the Massachusetts wiretap statute is unconstitutional. [ECF No. 29 at 1]. The Court will not undertake an analysis of the constitutionality of the statute as Plaintiff did not challenge the constitutionality of the statute in his amended complaint, [Am. Compl.], and because the dismissal of the wiretap charge against him, [ECF No. 32-1 at 5], mooted any such claim. See United States v. Reid, 369 F.3d 619, 624 (1st Cir. 2004) ("Article III prohibits federal courts from deciding 'moot' cases or controversies—that is, those in which 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980))); Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003) ("If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case."); see also Matt v. HSBC Bank USA, N.A., 783 F.3d 368, 372 (1st Cir. 2015) ("Mootness is a jurisdictional matter. Consequently, it can be raised by a federal court *sua sponte*." (citations omitted)).

Plaintiff does not deny that he recorded the conversation with employees of the Quincy District Court. See [Am. Compl.; ECF Nos. 28, 29, 32, 33]. In his opposition, Plaintiff suggests that informing one employee of his intent to record the call was sufficient to put Comerford on notice that the call was being recorded. [ECF No. 32 at 1]. According to the police report however, after informing that employee, Plaintiff then spoke with a second employee, before the third conversation with Comerford. [ECF No. 32-1 at 1–24]. Plaintiff does not claim to have informed Comerford at the start of their conversation that he was recording the call. See [Am. Compl.; ECF Nos. 28, 29, 32, 33]. Even taking Plaintiff's allegations as true, Plaintiff has failed to allege that Defendants lacked probable cause for reporting and bringing a complaint against him for violating the Massachusetts wiretap statute. See Nieves, 139 S. Ct. at 1723.

Given that Plaintiff has not provided any factual support for his claim that Defendants took action against him because of a protected First Amendment activity, he has failed to state a plausible claim for a violation of his First Amendment rights under § 1983. See Holdcraft v. Town of Brookfield, 365 F. Supp. 3d 190, 199 (D. Mass. 2019) (granting motion to dismiss where plaintiff failed "to establish the necessary link between" his activities and defendants' alleged adverse action).[9]

---

[9] Although courts must construe *pro se* complaints liberally, Rodi, 389 F.3d at 13, certain defects cannot be overcome through a liberal reading.

> The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled. This is distinct from the case at hand, in which the formal elements of the claim were stated without the requisite supporting facts.

Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

B.     **Fourth Amendment Claim**

Plaintiff also claims that Defendants violated his Fourth Amendment right to be free from search and seizure. [Am. Compl. at 3, 5, 7]. It appears that Plaintiff contends that bringing a criminal complaint against him was an unconstitutional search or seizure. See [id.].[10] Defendants argue that Plaintiff has failed to plead facts supporting an alleged search or seizure. [ECF No. 27 at 7–9; ECF No. 31 at 2–3 (adopting Comerford and Tobin's arguments)].

Defendants focus their discussion of Plaintiff's Fourth Amendment claim on seizure, and the Court does the same. See [ECF No. 27 at 7–9]. "For a public official to transgress the Fourth Amendment through the initiation and pursuit of criminal charges, the prosecution of those charges must at a bare minimum have occasioned a deprivation of liberty consistent with the concept of a seizure." Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001); see also Harrington v. City of Nashua, 610 F.3d 24, 30 (1st Cir. 2010) ("To succeed in maintaining a section 1983 claim for malicious prosecution, a plaintiff must show a deprivation of liberty, pursuant to legal process, that is consistent with the concept of a Fourth Amendment seizure."). Because "the constitutional violation lies in the 'deprivation of liberty accompanying the prosecution' rather than in the prosecution itself," Britton v. Maloney, 196 F.3d 24, 29 (1st Cir.

---

[10] In his opposition, Plaintiff further suggests that when Potter ran a background check on him, she engaged in an unconstitutional search and seizure. [ECF No. 32 at 1]. Although the First Circuit has not addressed this issue, other Courts have held that the Fourth Amendment is not violated by the running of a routine background check in connection with the filing of a police report or criminal complaint. See United States v. Villagrana-Flores, 467 F.3d 1269, 1277 n.4 (10th Cir. 2006) ("[T]he Fourth Amendment is not implicated simply because a name, legally obtained, is later used to run a criminal background check. That action is neither a search nor a seizure, for there is no legitimate expectation of privacy in one's criminal history."); Lewis v. Gov't of the D.C., 161 F. Supp. 3d 15, 27 (D.D.C. 2015) ("Plaintiff has identified no privacy interest implicated by using her name to search databases of criminal records.").

1999) (quoting Gallo v. City of Phila., 161 F.3d 217, 222 (3d Cir. 1998)), "[t]he crux of the inquiry is whether a 'seizure' occurred," id. at 28–29.

Plaintiff does not allege that he was deprived of his liberty or that he was otherwise held or confined in connection with the charges brought against him. See [Am. Compl.]. The notice of hearing attached to Plaintiff's opposition informed Plaintiff that the Quincy Police Department had "filed an application for criminal complaint" and had "requested a hearing by a judicial officer . . . ." [ECF No. 32-1 at 4]. The notice goes on to state, "[y]ou may appear at this hearing to present your side of the case." [Id. (emphasis added)]. In Britton v. Maloney, the First Circuit addressed similar circumstances when determining that a defendant was entitled to judgment as a matter of law on plaintiff's claim of malicious prosecution. Britton, 196 F.3d at 30. There, the court found that,

> [a]bsent any evidence that [plaintiff] was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to establish a seizure within the meaning of the Fourth Amendment.

Id. This Court likewise finds that, even construed liberally, Plaintiff has failed to allege that he was subjected to a seizure that could support a Fourth Amendment claim under § 1983. See Gagliardi, 513 F.3d at 305 (stating that a complaint must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory").

    **C.**    **Fourteenth Amendment Claim**

Lastly, Plaintiff claims that Defendants violated his Fourteenth Amendment rights, citing that Amendment's Equal Protection clause. [Am. Compl. at 3, 5, 7]. Defendants argue that

Plaintiff has failed to plead the necessary elements of an Equal Protection claim. [ECF No. 27 at 9–10; ECF No. 31 at 2–3 (adopting Comerford and Tobin's arguments)].

To raise an Equal Protection claim, plaintiffs must "establish that there is a factual issue as to whether, 'compared with others similarly situated, [they were] selectively treated [unfairly] . . . based on impermissible considerations such as . . . intent to inhibit or punish the exercise of constitutional rights . . . .'" Hootstein, 679 F. Supp. 2d at 188 (alterations in original) (quoting Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. 1995)).  As a starting point, plaintiffs "must first 'identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently, instances which have the capacity to demonstrate that plaintiffs were singled out for unlawful oppression.'" Ayala-Sepulveda v. Municipality of San German, 671 F.3d 24, 32 (1st Cir. 2012) (emphasis omitted) (quoting Buchanan v. Maine, 469 F.3d 158, 178 (1st Cir. 2006)).

Plaintiff's amended complaint does not allege that others were treated differently than he was or provide instances of alleged disparate treatment to support a claim under § 1983 that Defendants violated his Fourteenth Amendment right to equal protection under the law.  See Doe ex rel. B.G. v. Bos. Pub. Sch., No. 17-cv-11653, 2019 U.S. Dist. LEXIS 32705, at *18–19 (D. Mass. Mar. 1, 2019) ("Plaintiffs have provided no allegations that they were treated differently from others similarly situated, however, and the Amended Complaint is silent as to the treatment of others.  For these reasons . . . Plaintiffs' equal protection claim must be dismissed.").  As a result, Plaintiff has failed to state a claim for relief.  See Gagliardi, 513 F.3d at 305 (stating that a complaint must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory").

### D. Qualified Immunity

"Because [Plaintiff] has failed to establish a constitutional violation on part of [Defendants] . . . the Court does not need to address their qualified immunity argument." Knox v. Mass. Dep't of Corr., No. 1:14-cv-12457, 2017 U.S. Dist. LEXIS 126206, at *45 n.178 (D. Mass. July 20, 2017), report and recommendation adopted at No. 14-cv-12457, 2017 U.S. Dist. LEXIS 125121 (D. Mass. Aug. 8, 2017) (adopting report and recommendation and granting summary judgment); see also Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005) ("The failure of appellant's constitutional claims obviates our need to address the qualified immunity defense: we have found no constitutional violation.").

### E. Attorneys' Fees

Potter requests attorneys' fees under 42 U.S.C. § 1988, which provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988; see [ECF No. 31 at 7]. Because Plaintiff is acting *pro se* and did not have the benefit of counsel in drafting his amended complaint, the Court declines to exercise its discretion to grant Potter attorneys' fees.

## IV. CONCLUSION

Accordingly, Comerford and Tobin's motion, [ECF No. 26], and Potter's motion (having been construed as a Rule 12(b)(6) motion), [ECF No. 30], are GRANTED. Potter's request for attorneys' fees under 42 U.S.C. § 1988, [ECF No. 31 at 7], is DENIED.

**SO ORDERED.**

June 30, 2020                                    /s/ Allison D. Burroughs
                                                 ALLISON D. BURROUGHS
                                                 U.S. DISTRICT JUDGE